# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVEN BRAUNSTEIN,<br><br>Petitioner,<br>v.<br><br>GREGORY COX, et al.,<br><br>Respondents. | Case No. 3:13-cv-00666-MMD-WGC<br><br>ORDER |

This is a closed action involving a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. By order filed May 23, 2014, this Court dismissed the petition as successive pursuant to 28 U.S.C. § 2244(b)(3) *et seq.* (Dkt. no. 9.)

Petitioner has filed a motion for reconsideration. (Dkt. no. 11.) Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994). Under Fed. R. Civ. P. 60(b) the Court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

1  A district court has discretion not to consider claims and issues that were not raised until
2  a motion for reconsideration. *Hopkins v. Andaya*, 958 F.2d 881, 889 (9th Cir. 1992). It is
3  not an abuse of discretion to refuse to consider new arguments in a Rule 60(b) motion
4  even though "dire consequences" might result. *Schanen v. United States Dept. of*
5  *Justice*, 762 F.2d 805, 807-08 (9th Cir. 1985). Moreover, motions for reconsideration are
6  not justified on the basis of new evidence which could have been discovered prior to the
7  court's ruling. *Hagerman v. Yukon Energy Corp.*, 839 F.3d 407, 413-14 (8th Cir. 1988);
8  *see also E.E.O.C. v. Foothills Title*, 956 F.2d 277 (10th Cir. 1992).

9  A "habeas petitioner may move for relief from the denial of habeas under Rule
10  60(b) so long as the motion is not the equivalent of a successive petition." *Harvest v.*
11  *Castro*, 531 F.3d 737, 745 (9th Cir. 2008) (citing *Gonzales v. Crosby*, 545 U.S. 524, 535-
12  36 (2005)). Mere disagreement with an order is an insufficient basis for reconsideration.
13  Nor should reconsideration be used to make new arguments or ask the Court to rethink
14  its analysis. *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-
15  26 (9th Cir. 1988).

16  In the instant case, this Court properly entered judgment dismissing this action in
17  the order filed May 23, 2014. (Dkt. no. 9.) In his motion for reconsideration, petitioner
18  has not identified any mistake, intervening change in controlling law, or other factor that
19  would require vacating the judgment. Petitioner has not shown that manifest injustice
20  resulted from dismissal of the action. Petitioner also has not presented newly
21  discovered or previously unavailable evidence. Petitioner has failed to make an
22  adequate showing to justify granting his motion for reconsideration.

23  Petitioner has also filed a motion for an injunction "against suspension of habeas
24  corpus" (dkt. no. 12) and a very similar motion for declaratory judgment (dkt. no. 13).
25  Petitioner has failed to demonstrate that an injunction or declaratory judgment is
26  warranted in this case.

27  It is therefore ordered that petitioner's motion for reconsideration (dkt. no. 11) is
28  denied.

It is further ordered that petitioner's motion for an injunction (dkt. no. 12) is denied.

It is further ordered that petitioner's motion for declaratory judgment (dkt. no. 13) is denied.

DATED THIS 17th day of March 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3